**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| OSCAR J. MONJARAS CANO,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, MOSHANNON VALLEY PROCESSING CENTER, *et al.*,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 3:26-cv-1242<br>Judge Stephanie L. Haines |

**MEMORANDUM OPINION AND ORDER**

On June 29, 2026, Petitioner Oscar J. Monjaras Cano ("Petitioner") filed a Petition for Writ of Habeas Corpus ("Habeas Petition") pursuant to 28 U.S.C § 2241. ECF No. 1.[1] Respondents filed their response in opposition on July 29, 2026 (ECF No. 5), and Petitioner filed a reply on August 3, 2026 (ECF No. 6). The Habeas Petition is now fully briefed and ripe for disposition. For the following reasons, the Court will **DENY** Petitioner's Habeas Petition, ECF No. 1.

**I. Facts**[2]

Petitioner is "a native and citizen of Peru" who was taken into immigration custody on January 8, 2026. ECF No. 1, p. 8; ECF No. 5, p. 2. On February 20, 2026, Petitioner filed his first habeas petition, which this Court granted in part on June 5, 2026, ordering that he receive an individualized bond hearing. ECF No. 5, p. 1; *see* Docket 3:26-cv-00298. On June 12, 2026, Petitioner "received an individualized bond hearing, at which the immigration judge denied bond after concluding that he posed a 'flight risk' if released." ECF No. 5, p. 2. Neither party appealed

[1] Petitioner also filed a Motion for Emergency Temporary Restraining Order on June 29, 2026. ECF No. 1. The Court denied this Motion in a separate order on June 30, 2026. ECF No. 2.

[2] The Court derives the following undisputed factual background from both Petitioner's and Respondents' submissions to the Court.

this denial. *Id.*

On March 10, 2026, an immigration judge ordered Petitioner removed to Peru (ECF No. 5-1), which Petitioner then subsequently appealed to the Board of Immigration Appeals ("BIA") on April 9, 2026. ECF No. 5-2. As of the parties' last update, this appeal appears to still be pending.

### II. Parties' Allegations & Relief Requested

In this Habeas Petition, Petitioner contends that his continued detention does not "serve a legitimate regulatory purpose" and is "an excessive deprivation of liberty prohibited by the Due Process Clause of the Fifth Amendment." ECF No. 1, p. 13. He also argues that the prior "bond determination does not resolve the constitutional issue presently before this Court" because the facts of his case warrant immediate release. *Id.* at 9, 13-17. As relief, Petitioner requests that this Court "order his immediate release from immigration custody" and "grant such additional relief as justice requires." *Id.* at 18.

In turn, Respondents argue that Petitioner's claims are moot because he "has already received habeas relief and was afforded a constitutionally adequate individualized bond hearing[.]" ECF No. 5, p. 2. They also assert that "the procedures in 8 U.S.C. § 1226(a), which govern Petitioner's detention, satisfy due process." *Id.* at 4 (capitalization adjusted).

### III. Discussion

It is undisputed that Petitioner received a bond hearing under § 1226(a) on June 12, 2026, and that bond was denied because Petitioner failed to establish that he was not a flight risk. *See* ECF No. 5, p. 2. However, even if a petitioner has received an initial bond hearing under § 1226(a), this Court has previously concluded that Third Circuit precedent does not categorically foreclose a burden-shifted bond hearing for § 1226(a) detainees experiencing prolonged detention. *See Fadel v. Warden of Moshannon Valley ICE Processing Ctr.*, No. 3:26-cv-00625, 2026 WL 1649901, at

*2–3 (W.D. Pa. June 8, 2026). In conducting an analysis of whether the *Fadel* petitioner's detention under § 1226(a) had become prolonged, this Court looked to the following four *German Santos* factors to determine if his detention had become unconstitutional under the Due Process Clause of the Fifth Amendment: (i) the duration of detention; (ii) whether the detention is likely to continue; (iii) reasons for the delay; and (iv) whether the detainee's conditions of confinement are "meaningfully different from criminal punishment." *German Santos v. Warden Pike Cty. Corr. Facility*, 965 F.3d 203, 210-11. Among these factors, "[t]he most important factor is the duration of detention." *Id.* at 211.

Here, this case is materially different from *Fadel* because Petitioner does not sufficiently assert the *German Santos* factors. Namely, Petitioner's eight-month detention is less than the nine-month detention experienced by the *Fadel* petitioner. *See Fadel*, 2026 WL 1649901, at *2–3; *c.f. Lindsay v. Oddo,* No. 3:26-CV-1369, 2026 WL 2450688 (W.D. Pa. Aug. 21, 2026) (declining to order a bond hearing under *German Santos* where the petitioner had only been detained for less than nine months). Petitioner also does not identify any reasons for delay, allege that his conditions of confinement are the same as criminal punishment, or assert some other intervening circumstances which would demonstrate why his continued detention has become unconstitutionally prolonged. *See German Santos*, 965 F.3d at 210-11. Instead, Petitioner argues that that his "record of compliance, absence of criminal history, substantial family and community ties, lawful employment history, documented medical conditions, pending immigration proceedings, and prolonged civil detention" demonstrate that his detention is no longer necessary or justified, but none of these facts properly address the *German Santos* factors. *See* ECF No. 1, p. 14.[3] As such, because Petitioner fails to establish that his detention has become unconstitutional

[3] Petitioner states that he does not seek review of the immigration judge's bond decision and does not request that this Court "substitute its judgment for that of the Immigration Court regarding the discretionary denial of bond." *See* ECF

under *German Santos*, further relief is not warranted at this time. Thus, the Habeas Petition will be denied, albeit without prejudice to Petitioner's ability to seek relief in the future if his detention continues.

## IV. Conclusion

Therefore, for the reasons set forth herein, the Court will deny Petitioner's Habeas Petition, ECF No. 1, without prejudice. Petitioner's Emergency Motion for Expedited Ruling, ECF No. 7, is thus dismissed as moot. An appropriate Order follows.

## ORDER

**AND NOW**, this 28th day of September 2026, for the reasons stated in the Memorandum Opinion, it is hereby **ORDERED** that:

1. Petitioner's Habeas Petition is **DENIED WITHOUT PREJUDICE.**
2. Petitioner's Emergency Motion for Expedited Ruling, ECF No. 7, is **DISMISSED AS MOOT.**
3. With no further action required by the Court at this time, the Clerk of Court shall mark this matter closed.

Stephanie L. Haines
United States District Court Judge

No. 1, p. 13-14. Yet, in essence, Petitioner asks the Court to reweigh the same evidence presented to the immigration judge. Federal courts "lack jurisdiction to review any discretionary determinations underlying the IJ's bond decision," and may only "review whether the bond hearing was fundamentally fair." *See Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022). Here, through asking the Court to review the above facts in consideration of his immediate release, Petitioner is asking the Court to redetermine his potential for flight risk, which the Court cannot do. *See generally* ECF Nos. 1, 6.